**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO.: 06-21267-CIV-COOKE/BROWN**

DEVELOPERS SURETY AND INDEMNITY
COMPANY, a California corporation,

      Plaintiff,

v.

HARDING VILLAGE, LTD., a Florida
limited partnership,

      Defendant.

_____/

## ORDER DENYING DEFENDANT'S AMENDED MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY

**THIS CAUSE** is before the Court upon Defendant Harding Village, Ltd.'s Amended

Motion to Dismiss for Failure to Join an Indispensable Party (DE 31), filed October 20, 2006.

Plaintiff Developers Surety and Indemnity Company filed its opposition on October 23, 2006.

Defendant Harding Village Ltd. did not file a reply.  The Court having reviewed the Motion

finds, for the reasons set forth below, that Defendant Harding Village, Ltd.'s Amended Motion to

Dismiss for Failure to Join an Indispensable Party (DE 31) should be denied.

### I.  BACKGROUND

Plaintiff Developers Surety and Indemnity Company ("Plaintiff" or "Developers") filed

this declaratory judgment action on May 18, 2006.  In its Complaint, Developers alleges that

Defendant Harding Village, Ltd. ("Defendant" or "Harding") was the owner of a construction

project known as Harding Village Alterations located at 8500-8540 Harding Avenue in Miami

-1-

Beach, Florida.  Developers contends that the Harding Village Alterations project ("the Project")

consisted of the renovation of three two-story mid rise residential buildings for the primary

occupancy of low income and previously homeless individuals.  Developers avers that Harding's

construction of the Project was dependent upon funding from the Miami-Dade County Housing

Agency, National Equity Fund, Florida Housing Finance Corporation, and the City of Miami.

According to Developers, the Project's funding was contingent upon compliance with various

documents and agreements such as the Land Use Restriction Agreement, the Declaration of

Restrictive Covenants, and the Universal Application.

      Developers alleges that Harding contracted with Carib Construction, Corp. ("Carib") for

the performance of certain construction or rehabilitation work for the Project (the "Carib

Contract").  Developers avers that in connection with the Carib Contract it issued Performance

Bond No. 532228P (the "Bond"), on behalf of Carib as principal, to Harding as the obligee.

Developers alleges that its obligations under the Bond arose after: (1) the owner (i.e. Harding)

notified the contractor and the surety that it was considering declaring a contractor default; (2)

the owner declared a contractor default and formally terminated the contractor's right to complete

the contract; or (3) the owner agreed to pay the balance of the contract price to the surety in

accordance with the terms of the construction contract.  Developers avers that the Bond

incorporated the Carib Contract by reference.  Developers contends that the Carib Contract

entitled Harding to recover liquidated damages from Carib in the amount of $425.00 per day

until substantial completion is achieved, however, Developers contends that the liquidated

damages provision was expressly modified to establish that the $425.00 per day liquidated

damage was due to the loss of certain economic and tax benefits including low income housing

tax credits.  Thus, Developers argues that the liquidated damages provision is conditioned upon Harding's loss of the low income housing tax credit.

Developers alleges that in September of 2005, certain funding agencies withheld and/or froze funds previously available for construction of the Project due to Harding's misconduct. Developers avers that in November of 2005, Carib began making demands upon Harding to furnish sufficient evidence to establish that financial arrangements had been made to fulfill the owner's obligations under the Carib Contract.  Additionally, Developers contends that the furnishing of sufficient evidence of financial arrangements was a condition precedent to Carib's performance under the Carib Contract.  Developers alleges that Harding failed and/or refused to provide Carib with reasonable evidence that financial arrangements had been made to fulfill the owner's obligation under the Carib Contract.  Instead, according to Developers, in January of 2006 Harding terminated Carib under the Carib Contract and made demand upon Developers for performance under the Bond.  Moreover, Developers alleges that in its subsequent demands for performance under the Bond, Harding represented that there remained $377,798.41 as Contract balances but that it was withholding $180,625.00 as liquidated damages, that it was contesting approximately $70,000 to $80,000 in Contract extras performed by Carib, and that it was setting-off other credits and back charges against the Contract balances.  Developers brought this action to seek a declaration of the Parties rights under the Bond.  Furthermore, Developers contends that Harding's alleged breach of the Carib Contract and Bond renders the Bond void and excuses Developers from performing under the Bond.

## II.   MOTION TO DISMISS STANDARD

"[W]hen considering a motion to dismiss, the court must accept all allegations of fact as true and should only dismiss when it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proven in support of his claim." Solis-Ramirez v. U.S. Dept. of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985) (citing Holt Civic Club v. City of Tuscaloosa, 439 U.S. 60, 65-66 (1978)). See Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993). A court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action. Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir.1993). However, "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47-48 (1957).

## III.   PROCEDURAL HISTORY

Defendant Harding Village, Ltd. filed its Amended Motion to Dismiss for Failure to Join an Indispensable Party (DE 31) on October 20, 2006. Plaintiff Developers Surety and Indemnity Company filed its opposition on October 23, 2006. Defendant Harding Village Ltd. did not file a reply. Thus, Defendant Harding Village Ltd.'s Amended Motion to Dismiss for Failure to Join an Indispensable Party is ripe for adjudication.

IV.   **ANALYSIS**

A.   **CARIB IS NOT AN INDISPENSABLE PARTY**

Harding's Motion raises the sole issue of whether Carib — the bond principal — is an indispensable party to this action.  Additionally, Harding argues that if this Court determines that Carib is an indispensable party to this action then diversity jurisdiction would be defeated and the case must be dismissed.[1]

Rule 19 of the Federal Rules of Civil Procedure governs joinder of parties.  Rule 19(a) states:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.  If the person has not been so joined, the court shall order that the person be made a party.  If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff.  If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

Fed.R.Civ.P. 19(a).  Furthermore, Rule 19(b) provides:

> If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.  The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures,

---

[1]Because the Court finds that Carib is not an indispensable party to this action, Harding's arguments concerning this Courts subject matter jurisdiction is moot.

the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(b). Rule 19 contemplates a two-part test for determining whether a party is indispensable. Focus on the Family v. Pinellas Suncoast Transit Authority, 344 F.3d 1263, 1279 (11th Cir.2003). First, the court must decide, under the standard articulated in Rule 19(a), whether the party at issue is one who should be joined if feasible. Id. at 1280. If this question is answered in the negative, no further analysis is needed and the litigation continues. Id. If, however, the court concludes that the party is necessary under 19(a) but cannot be joined, it must then ascertain, applying the factors in Rule 19(b), whether the party is indispensable or if the litigation may continue in that party's absence. Id. In making the determination as to whether the party in question should be joined "'pragmatic concerns, especially the effect on the parties and the litigation,' control." Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc., 669 F.2d 667, 669 (11th Cir.1982) (quoting Smith v. State Farm Fire & Cas. Co., 633 F.2d 401, 405 (5th Cir.1980)); See also In re Torcise, 116 F.3d 860, 865 (11th Cir.1997) ("findings of indispensability must be based on stated pragmatic considerations, especially the effect on parties and on litigation")(citations omitted).

Harding contends that Carib, the bond principal, is an indispensable party to this action because in adjudicating this case the Court would necessarily render an adjudication of Harding's rights which would impact upon Carib's rights. Moreover, Harding argues that its inability to join Carib in this action will result in double litigation expenses as it will be forced to defend itself in a separate action involving Carib in the state court. However, Harding's contentions are unavailing. In U.S. v. Rigel Ships Agencies, Inc., 432 F.3d 1282 (11th Cir. 2005), the Eleventh

Circuit held that vessel owners did not need to be joined in an action where the U.S. government

sued a surety to recover a civil penalty secured under a bond.  The court concluded that joinder of

the vessel owners was unnecessary because complete relief by recovery under the bond could be

had without joining the vessel owners.  In reaching this conclusion the court stated:

> In this case, as the district court apparently recognized, complete relief by
> recovery under the bond can be had without joining the owners or masters.
> Customs filed an action against GAIC for collection of the amount due pursuant
> to contract, the international carrier bond.  All that is required for GAIC to
> become liable under the bond is (1) the vessel owner's breach of 19 U.S.C. §
> 1584; (2) the assessment of a penalty; and (3) the owner's failure to pay that
> penalty.  As a practical matter, failing to join the owners or masters does not
> impede GAIC's ability to protect its interests or leave it open to multiple liability.
> GAIC is free to pursue indemnity from Rigel and has done so.[2]

Id. at 1291-92 (citations omitted).  Similarly, in New Amsterdam Casualty Co. v. Town of

Weymouth, 97 F.Supp. 565 (D.Mass. 1951), the court held that a contractor was not an

indispensable party to a declaratory judgment action brought by a surety to determine its liability

on a performance bond.  The New Amsterdam court stated:

> It is true that it may be necessary in the present action to pass on the question of
> whether or not the Contractor is liable to the town of Weymouth, since, unless it is
> liable, then the plaintiff, surety company is not.  But such a determination would
> not be binding upon the Contractor who is not a party.  The Contractor is a proper
> party in the sense that unless the Contractor is joined, all the rights and liabilities
> of all those interested in the transaction on which this action is based cannot be
> determined in a single proceeding.  Indispensable parties have been defined as
> those who not only have an interest in the controversy, but an interest of such a
> nature that a final decree cannot be made without either affecting that interest, or
> leaving the controversy in such a condition that its final termination may be
> wholly inconsistent with equity and good conscience.  The Contractor here is not
> indispensable, for the rights and liabilities as between plaintiff and defendant here
> can be determined without affecting the rights and liabilities between the
> Contractor and the defendant town.  Moreover, it should be noted that the plaintiff

---

[2]GAIC was the surety for the bond while Rigel was the bond's principal.  Rigel Ships
Agencies, Inc., 432 F.3d at 1284.

here relies not only on a claim that the Contractor is not liable, but also on the ground that the conduct of the town, subsequent to the discontinuance of the work by the original Contractor, was such as to discharge the surety even though the original Contractor may be liable.  Thus it is possible that this action will be determined favorably to the plaintiff on the latter ground, without any necessity of passing on the liability of the Contractor.

Id. at 567 (citations omitted).  See also Central States, Southeast and Southwest Area Pension Fund v. Safeco Insurance Co. of America, 717 F.Supp. 572 (N.D. Ill. 1989) (holding that an employer as the principal on a surety bond was not a necessary party where a pension plan sued the surety to recover under the bond).

In the instant action, complete relief, by recovery under the Bond, can be had without joining Carib.  Thus, although Carib may be a proper party to this action, it is not indispensable as the rights and liabilities between Developers (the surety) and Harding can be determined without affecting the rights of Carib and Harding.  See 25 FEDERAL PROCEDURE § 59:131.  See also Challenge Homes, Inc., 669 F.2d at 670-71.  Moreover, as in New Amersterdam, Developers alleges that Harding failed to comply with conditions precedent to Developers' performance under the Bond.  See Compl. at ¶¶ 19-20.  This assertion makes it entirely possible that this action will not require the Court to even consider the issue of Carib's liability.  Therefore, the Court will not join Carib in this action.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant Harding Village, Ltd. Amended Motion to Dismiss for Failure to Join an Indispensable Party (DE 31) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of February, 2007.

MARCIA G. COOKE
United States District Judge

-8-

*Copies furnished to:*

*All Counsel of Record*