06-21267.oe

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 06-21267-CIV-COOKE-BROWN

DEVELOPERS SURETY AND INDEMNITY
COMPANY, a California corporation,

    Plaintiff,

vs.

HARDING VILLAGE, LTD., a Florida
limited partnership,

    Defendant.
_____/

## MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS AS TO PLAINTIFF

This matter is before this Court on Defendant's Motion to Compel Discovery and for Sanctions as to Plaintiff (hereinafter "Motion"), D.E. 90. The Court has considered the motion, the response, the reply, and all other pertinent materials in the file.

### Facts and Legal Standard

Defendant, Harding Village, Ltd., requests this Court to issue an Order, which: (1) compels witness Gary Perkins (hereinafter "Perkins") to answer deposition questions the witness refused to answer; (2) compels Plaintiff, Developers Surety and Indemnity Company, to produce documents which it has refused to produce; (3) excludes Plaintiff's Fact Witness, Edward Mackowiak (hereinafter "Mackowiak"), or, alternatively compels Mackowiak to answer deposition questions the witness refused to answer; and (4) sanctions Plaintiff for abusing the discovery process. Plaintiff urges this Court to deny Defendant's Motion, arguing that it has acted properly in asserting the

1

attorney-client, joint-defense, and work product privileges to the testimony and documentary evidence sought by Defendant.

In a diversity case, such as this, federal courts apply state law to resolve claims of attorney-client privilege and joint-defense privilege, but federal law to resolve claims of privilege under the work product doctrine. Fed.R.Evid. 501; *Baker v. General Motors Corp.*, 209 F.3d 1051, 1053 (8th Cir.2000); *Frontier Refining, Inc. v. Gorman-Rupp. Co.*, 136 F.3d 695, 702 (10th Cir.1998); *United Coal Companies v. Powell Construction Co.*, 839 F.2d 958 (3rd Cir.1988).

Under Florida law, "A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services." Fla. Stat. § 90.502(2). Information is confidential, and protected from disclosure by the attorney-client privilege, if it is not intended to be disclosed to third persons other than "[t]hose to whom disclosure is in furtherance of the rendition of legal services to the client," or "[t]hose reasonably necessary for the transmission of the communication." Fla. Stat. § 90.502(1)(c)(1)-(2). The purpose of the attorney-client privilege is to encourage clients to make full disclosures to their attorneys of all information that might be relevant to litigation. *Fisher v. United States*, 425 U.S. 391, 403 (1976). Because the privilege has the effect, though, "of withholding relevant information from the fact-finder, it applies only where necessary to achieve its purpose. Accordingly it protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege." *Id.*

The joint-defense privilege can be said to have flowed from the attorney-client privilege, specifically from the qualification that protects disclosures to third persons when it is in furtherance of the rendition of legal services to the client. The joint-defense privilege "enables litigants who share

unified interests to exchange ... privileged information to adequately prepare their cases without losing the protection afforded by the [attorney-client] privilege." *Visual Scene, Inc. v. Pilkington Bros., plc.*, 508 So. 2d 437, 440 (Fla. 3d DCA 1987). Under the cloak of the joint-defense privilege, "clients and their respective attorneys sharing common litigation interests may exchange information freely among themselves without fear that by their exchange they will forfeit the protection of the [attorney-client] privilege." *Id.*

In determining whether the attorney-client and joint-defense privileges should apply in a certain case, the threshold questions are (1) whether the original disclosures were necessary to obtain informed legal advice and might not have been made absent the attorney-client privilege, (2) whether the communication was such that disclosure to third parties was not intended, and (3) whether the information was exchanged between the parties for the limited purpose of assisting in their common cause. *Fisher*, 425 U.S. at 403; *Visual Scene*, 508 So. 2d at 441.

The work product doctrine protects otherwise discoverable "documents and tangible things... prepared in anticipation of litigation or for trial by or for [a] party or by or for that ... party's representative (including the ... party's ... consultant ...)." Fed.R.Civ.P. 26(b)(3). Such materials, however, are not protected if they are assembled in the ordinary course of business or other non-litigation purposes. *Advisory Committee Notes to Rule 26, 1970 Amendment, Subdivision (b)(3)*. Documents are prepared in anticipation of litigation, and consequently protected by the work product doctrine, if "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, 8 *Federal practice & Procedure* §

2024, at 343 (1994).[1] "When there is a true independent purpose for creating a document, work product protection is less likely, but when two purposes are profoundly interconnected, the analysis is more complicated." *In re Grand Jury Subpoena*, 357 F.3d 900, 908 (9th Cir. 2004). A document is protected by the work product doctrine if, "taking into account the facts surrounding their creation, their litigation purpose so permeates any non-litigation purpose that the two purposes cannot be discretely separated from the factual nexus as a whole." *Id.* at 910. In other words, even if a document has some purpose within the ordinary course of business, the document is protected as work product if it is substantially infused with litigation purpose. *See id.*

### Perkins Testimony

Regarding the deposition questions that Defendant wishes to compel Perkins to answer, the Motion is granted in part and denied in part. More specifically, while some of the questions may have solicited privileged information, most of them did not. As to the questions that solicited non-privileged information, Perkins is hereby compelled to answer.

First, it is important to recognize that Perkins, Plaintiff's own corporate representative, acknowledged that he was unaware of any agreement between Plaintiff and Carib Construction Company (hereinafter "Carib"), under which they would be working together to defend against a potential claim by Defendant. Exhibit 6 at 94. Although Counsel for Plaintiff has filed an affidavit swearing that a joint defense agreement was established by a September 2005 communication

---

[1] Although the Eleventh Circuit has not specifically adopted this formulation, it has been adopted in a significant majority of other circuits. *See State of Maine v. U.S. Dep't of Interior*, 298 F.3d 60, 68 (1st Cir. 2002); *United States v. Adlman*, 134 F.3d 1194 (2nd Cir. 1998); *In re Grand Jury Proceedings*, 604 F.2d 798, 803 (3d Cir. 1979); *National Union Fire Ins. Co. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 984 (4th Cir. 1992); *Binks Mfg. Co. v. National Presto Indus., Inc.*, 709 F.2d 1109, 1118-1119 (7th Cir. 1983); *Simon v. G.D. Searle & Co.*, 816 F.2d 397, 401 (8th Cir. 1987), *cert. denied*, 484 U.S. 917 (1987); *In re Grand Jury Subpoena*, 357 F.3d 900, 907 (9th Cir. 2004); *Senate of Puerto Rico v. United States Dep't of Justice*, 823 F.2d 574, 586 n. 42 (D.C. Cir. 1987).

between himself and Counsel for Carib, such an agreement cannot possibly apply to communications between Plaintiff and Carib, because Plaintiff's own corporate representative was unaware of the agreement. In other words, since Plaintiff made communications with Carib without knowing or intending that the substance of the communications were to be privileged under a joint-defense agreement, the communications were not privileged.

Moreover, some information is not cloaked by the attorney-client and joint-defense privileges even if an agreement is in place. Although there is no exact formula for deciding what is and is not privileged, there are standards, which guide such determinations. The most important question here is whether the information was exchanged between the parties for the limited purpose of assisting in their common, litigation-related cause. *Visual Scene*, 508 So. 2d at 441.

Some of the information over which claims of privilege have been made was not exchanged between the parties in order to assist in their common defense. For example, counsel for Plaintiff instructed Perkins several times not to answer any questions regarding conversations he had with people at Carib. Exhibit 6 at 114, 115, 131, 132. This instruction was misguided. The attorney-client and joint-defense privileges do not apply to all communications between the parties. The privileges apply to only those communications made for the limited purpose of common defense. *Visual Scene*, 508 So. 2d at 441. More specifically, the privileges do not protect the answers to questions like, "Did [Carib] offer any reason to you as to why they were not going to get the job done by December 31, 2005?" or "Did you have any discussions with anybody at Carib regarding when the project would be complete as a result of Hurricane Wilma?" Exhibit 6 at 115, 131. Perkins, himself, acknowledged that in Plaintiff's normal course of business, part of its duties as a surety are to communicate with its principal to find out the progress of their work. Exhibit 6 at 132. Perkins

further acknowledged that where Plaintiff has a project that is behind schedule, it is part of its ordinary course of business to find out when and how the principal will finish the job. *Id.* Because this information is not exchanged for the limited purpose of common defense, the information is not privileged.

In addition, Plaintiff Counsel's assertion that "Carib can be deposed about what they were doing and why," highlights the preposterous nature of the objections. Exhibit 6 at 115. Information is either privileged, or it is not. If it is, how is Defendant to get it from Carib ... the "joint defendant"? In any event, in the examples quoted above - and these are just examples, not an exhaustive list - the information is not privileged.

Regarding the questions in response to which Perkins asserted the work product privilege over information conveyed to him by Mackowiak, the assertions were justified. *See* Exhibit 6 at 112. Perkins will not be compelled to answer those questions.

### Mackowiak Deposition

Defendant's request to have Mackowiak stricken as a paid fact witness is denied. Defendant has, itself, acknowledged that "[i]t is possible for a person to play a dual role in litigation as both a fact witness and a non-testifying expert." Motion at 6. The fact that Plaintiff is compensating Mackowiak as a consultant does not prevent Mackowiak from being called as a fact witness.

However, Defendant's request to compel Mackowiak to answer deposition questions that he refused to answer is granted in part and denied in part. Fed.R.Civ.P. 26(b)(4)(B) prohibits discovery from non-testifying experts who have "been retained or specially employed by another party in anticipation of litigation or preparation for trial," except "as provided in Rule 35(b) [which is inapplicable here] or upon a showing of exceptional circumstances under which it is impracticable for

the party seeking discovery to obtain facts or opinions on the same subject by other means [which has not been made]."

Defendant argues that Mackowiak was not retained solely for purposes of litigation, and, consequentially, his investigation and materials produced as a result were not solely in anticipation of litigation. This Court finds, however, that the litigation purpose of any findings or materials produced by Mackowiak's investigation "so permeates any non-litigation purpose that the two purposes cannot be discretely separated from the factual nexus as a whole." *In re Grand Jury Subpoena*, 357 F.3d at 910. For this reason, Mackowiak will not be compelled to answer questions, the answers to which are privileged by the work product doctrine, including any questions that solicit his opinion or sensitive information regarding the purpose of his hiring. Examples of this type of question can be found on pages 55, 80, 81, 82, and 102 of Exhibit 8. Mackowiak will not be forced to answer any questions soliciting privileged information of the kind that is illustrated by these examples. This conclusion, however, is not without a correlative restriction. Mackowiak will not be able to testify in Plaintiff's case-in-chief to any facts that were withheld from Defendant on the basis of work product privilege.

Some of the questions addressed to Mackowiak, however, did not solicit privileged information, and the objections to these questions were improper. In fact, by withdrawing certain objections, Plaintiff Counsel implicitly recognized that some of its objections were inappropriate. Exhibit 8 at 123. Throughout the deposition, Plaintiff Counsel asserted various privileges over information that is simply not privileged. *See* Exhibit 7 at 24, 95, 172, and 174. For example, there is nothing privileged about invoices from Qualex to Plaintiff unless they exhibit Mackowiak's opinion or sensitive information regarding the purpose of his hiring. *See* Exhibit 8 at 24. Moreover, even

assuming, but not deciding, that the invoices are privileged, there is most certainly nothing privileged about how much Qualex has billed Plaintiff or whether there is a balance owed to Qualex by Plaintiff. *See* Exhibit 7 at 172 and 174.

Further, questions like, "Have you ever asked the contractor if they prepared project schedules?" or "Were there daily reports maintained by Carib for this project?" do not solicit privileged information. Exhibit 7 at 95. Although further questions regarding the substance of such documents might be objectionable, the above questions were not. Also, on page 76 of Exhibit 7, Plaintiff Counsel asserted the joint-defense privilege in response to the question, "Did you have any discussions with Mr. Dominguez regarding the status of the schedule on this project?" This assertion of privilege was erroneous. Even assuming, but not deciding, that the subject matter of such a discussion might be privileged, whether such a discussion ever took place is most certainly not.

Finally, in some instances, proper objections were made, but then followed by improper coaching. Examples of this can be found on pages 55 and 102 of Exhibit 8. Further examples of Plaintiff Counsel coaching the witness can be found on pages 21, 75, 76, and 77 of the exhibit, though this is not an exhaustive list. Coaching was a very serious issue in this deposition. Under Local Rule 30.1(A)(1), "Objections or statements which have the effect of coaching the witness, instructing the witness concerning the way in which he or she should frame a response, or suggesting an answer to the witness," are abusive deposition conduct, which is prohibited and sanctionable.

## Documents

With regard to the documents that Defendant wishes to compel Plaintiff to produce, the Motion is denied without prejudice because Plaintiff's Privilege Log, Exhibit 7, fails to comply with Rule 26(b)(5) of the Federal Rules of Civil Procedure, and therefore the Court is unable to consider

the merits of same. "When a party withholds information otherwise discoverable under these rules by claiming that it is privileged ... the party shall make the claim expressly and shall describe the things not produced or disclosed in a manner that, without revealing information itself privileged or protected, *will enable other parties to assess the applicability of the privilege or protection*" (emphasis added). Fed.R.Civ.P. 26(b)(5).

While this Court is sensitive to the fact that Plaintiff does not want to reveal privileged information in its descriptions of documents which it believes are privileged, Plaintiff must describe the documents more specifically. As it stands, Plaintiff's Privilege Log does not adequately describe the documents, *i.e.*, in a manner that will enable other parties, including both Defendant and this Court, to assess the applicability of the various privileges asserted. *Id.* For example, in Plaintiff's very first assertion of privilege, regarding a string of emails between Gary Perkins and Guy Harrison, Esq., Plaintiff describes the "general subject matter" of the document as "subcontractor claim." *See* Exhibit 7. This description is far too broad for Defendant, or this Court, to assess the applicability of the attorney-client privilege. The attorney-client privilege does not cover any and all communications between attorney and client, and the description "subcontractor claim" is too sweeping for this Court to determine whether the privilege covers that specific communication. A substantial number of Plaintiff's claims of privilege suffer from this same shortcoming.

## Conclusion

The Court being otherwise fully advised in the premises it is hereby **ORDERED AND ADJUDGED** as follows:

(1) Defendant's Motion to Compel Discovery and for Sanctions as to Plaintiff is hereby **GRANTED IN PART** and **DENIED IN PART**.

(2) As to witnesses Perkins and Mackowiak, Plaintiff is hereby **ORDERED** to produce both witnesses for deposition at a location selected by Defendant. All costs related to the upcoming depositions, including production of the witnesses, but excluding attorney's fees, are to be borne by Plaintiff. This will be the extent of the sanctions awarded as a result of any misconduct relating to the deposition testimony of the witnesses, as Defendant is being awarded only partial relief. The upcoming depositions are to be conducted consistent with and pursuant to this Memorandum Order.

(3) As to the documents that Defendant wishes Plaintiff to produce, Defendant's Motion is hereby **DENIED WITHOUT PREJUDICE**, and the Court reserves ruling on the issue of sanctions. Plaintiff is hereby **ORDERED** to file a new Privilege Log that complies with Rule 26(b)(5) of the Federal Rules of Civil Procedure by or before Monday, July 23, 2007.

**DONE AND ORDERED** in Chambers at Miami, Florida, this _11th_ day of July, 2007.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE