06-21267.o12

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 06-21267-CIV-COOKE-BROWN

DEVELOPERS SURETY AND INDEMNITY
COMPANY, a California corporation,

    Plaintiff,

vs.

HARDING VILLAGE, LTD., a Florida
limited partnership,

    Defendant.

_____/

## ORDER RE: DEVELOPERS SURETY'S MOTION TO EXCLUDE HARDING VILLAGE'S EVIDENCE OF DAMAGES AND FOR SANCTIONS

This matter is before this Court on Developers Surety's Motion to Exclude Harding Village's Evidence of Damages and for Sanctions (hereinafter "Motion"), D.E. 82. The Court has considered the motion, the response, the reply, and all other pertinent materials in the file.

### Facts and Discussion

Developers Surety and Indemnity Company (hereinafter "Plaintiff") requests this Court to enter an Order excluding Harding Village, LTD.'s (hereinafter "Defendant") evidence on damages and imposing sanctions against Defendant for Plaintiff's costs and attorneys' fees incurred in bringing this matter before the Court, or, in the alternative, compelling Defendant to (1) provide the full, required disclosure under Rule 26(a)(1)(C); (2) provide the requisite damages summary responsive to Plaintiff's outstanding Interrogatory No. 1; (3) provide the requisite documents responsive to Plaintiff's Request for Production No. 53; (4) produce its Rule 30(b)(6) representative on damages for further deposition; and imposing sanctions against Defendant for Plaintiff's costs and attorneys' fees incurred in bringing this matter before the Court, and having to re-depose

1

Defendant's Rule 30(b)(6) representative.

Defendant requests this Court to enter an order denying the Motion as moot, because (1) the trial date has been extended to February 2008; (2) the documents reasonably available were previously produced; and (3) Defendant has supplemented its interrogatory answers to provide the "itemization" of damages requested. In addition, Defendant argues that sanctions are inappropriate as there is no prior order compelling production and no prejudice to Plaintiff.

First and foremost, the Court will not exclude Defendant's evidence of damages. Exclusion of Defendant's evidence on damages, pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, would have the same effect as dismissal of the case, as Defendant would be unable to prove a necessary element of its claim. "The sanction of dismissal is an extreme remedy and should not be imposed if lesser sanctions will suffice." *Navarro v. Cohan*, 856 F.2d 141, 142 (11th Cir. 1988). For this reason, Rule 37(c)(1) is inappropriate in this case, and the evidence will not be excluded. The more appropriate rule in this case is Rule 37(a)(4)(A), which allows for money sanctions, but not exclusion of evidence. For these reasons, the Motion will hereinafter be treated as a motion to compel discovery and for sanctions.

Second, the Court finds that Harding has already provided (1) the required disclosure under Rule 26(a)(1)(C), (2) the damages summary responsive to Plaintiff's Interrogatory No. 1, and (3) the documents responsive to Plaintiff's Request for Production No. 53. Although these items may not have been supplied in the fashion, or within the time-frame, that Plaintiff desired, they have nonetheless been supplied. Consequently, Plaintiff's request to compel discovery of these items is denied as moot.

Third, as mentioned above, the applicable rule for sanctions in this case is Rule 37(a)(4)(A). Rule 37(a)(4)(A) allows the Court to issue money sanctions "if the disclosure or requested discovery is provided after the motion was filed ... ." Defendant's argument, that sanctions are inappropriate

because there is (1) no prior order compelling production and (2) no prejudice to Plaintiff as (a) the information and documents have been produced, and (b) the trial date has been extended to February 2008, fails for two reasons. First, Rule 37(a)(4)(A) money sanctions do not require a prior court order. *See id.* Second, even though the information and documents have been produced, and the trial date has been extended to February 2008, discovery is closed. As a result, absent relief from the Court, Plaintiff may not re-depose Defendant's Rule 30(b)(6) representative on damages. The Court finds this to be sufficient prejudice for imposition of sanctions. In addition, the necessity for the filing of this motion can be considered prejudicial. Accordingly, Defendant must reproduce its Rule 30(b)(6) representative on damages for further deposition at a time and location to be set by Plaintiff. All costs relating to the deposition are to be borne by Defendant, excluding attorneys' fees as the Court is granting only partial relief. To be clear, the doors of discovery have *not* been re-opened. Rather, the doors have been cracked for the *limited purpose* of re-deposing Defendant's damages expert.

Finally, the Court reserves ruling on the issue of money sanctions for the necessity of filing this Motion. To avoid the imposition of same, Defendant may submit to the Court a Memorandum showing good cause as to why such sanctions should not be imposed. Any submission shall not exceed three (3) pages in length and shall be filed by or before Friday, July 27.

Accordingly, it is hereby **ORDERED and ADJUDGED** that Developers Surety's Motion to Exclude Harding Village's Evidence of Damages and for Sanctions is hereby **GRANTED IN PART and DENIED IN PART.**

**DONE and ORDERED** in Chambers at Miami, Florida, this 16 day of July 2007.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE